**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

**GARY H. MOORE,**

                 **Petitioner,**                          **ORDER**

   -against-                                      **06-CV-5592 (NG)**

**MARK R. VANN,**

                 **Respondent.**
---------------------------------------------------------------X

**GERSHON, United States District Judge:**

      Petitioner, proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his June 1995 conviction in Nassau County Supreme Court. Petitioner filed the instant petition with this court on October 2, 2006. One month later, on November 1, 2006, petitioner moved to amend his petition to add another ground for review. For the reasons set forth below, the court cannot consider the instant petition and transfers it to the United States Court of Appeals for the Second Circuit.

      The Antiterrorism and Effective Death Penalty Act of 1996 "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003); *see* 28 U.S.C. § 2244(b)(3)(A).[1] Subsection (b)(3)(C) of 28 U.S.C. § 2244 directs that:

> [t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

Petitioner previously challenged the same conviction he challenges in the instant petition on

---

[1] 28 U.S.C. § 2244(b)(3)(A) provides that:
[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

October 15, 1999, by filing a petition pursuant to 28 U.S.C. § 2254 (the "first petition"). This court denied that petition as to two of the claims and dismissed the remaining claims without prejudice. *See Moore v. Miller*, No. 99-CV-6722 (NG) (E.D.N.Y. Aug. 15, 2000). Petitioner filed a second petition for a writ of habeas corpus in this court on December 12, 2003 (the "second petition"), but pursuant to a request for dismissal by petitioner, this court dismissed that petition on February 24, 2004. *See Moore v. Domelli*, No. 03-CV-6386 (NG) (E.D.N.Y. Feb. 24, 2004). On March 11, 2004, petitioner filed with this court a "Motion Request to Re-Open Docket # 99-cv-6722 In the Interest of Justice," seeking to reopen the first petition. The court denied petitioner's request on April 12, 2004. *See Moore v. Miller*, No. 99-CV-6722 (NG) (E.D.N.Y. April 12, 2004). Subsequently, petitioner moved the Court of Appeals for the Second Circuit for an order authorizing this court to consider a successive habeas corpus petition under 28 U.S.C. § 2254. The Court of Appeals denied petitioner's motion for failure to meet the requirements of 28 U.S.C. § 2244(b). *See Moore v. Miller*, No. 99-CV-6722 (2d Cir. June 22, 2004). Petitioner then filed a third petition for a writ of habeas corpus with this court on October 23, 2005 (the "third petition"), which was subsequently transferred to the Second Circuit as a successive petition. *See Moore v. Domelli*, No. 05-CV-5325 (NG) (Jan. 18, 2006).

Because petitioner challenges the same conviction that was challenged in his previous petitions, petitioner must move the United States Court of Appeals for the Second Circuit for permission to pursue this application. 28 U.S.C. § 2244(b)(3)(A). Any motion to the Circuit must show that the new claim being raised by the instant application relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, 28 U.S.C. § 2244(b)(2)(A); or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim, if

2

proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(B)(i-ii).

As petitioner has already challenged the same conviction in this court pursuant to a writ of habeas corpus, this court lacks jurisdiction to address the instant petition and motion to amend. Accordingly, this court transfers this matter to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. *See Torres*, 316 F.3d at 151-52. This Order closes this case. If the Circuit authorizes petitioner to proceed in this matter, petitioner shall move to reopen this proceeding under this docket number.

**SO ORDERED.**

_____/s/_____
**NINA GERSHON**
**United States District Judge**

Dated: November 16, 2006
       Brooklyn, New York